RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/22/11
JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MENARD AUBOUG, <br> Petitioner | CIVIL ACTION <br> 1:11-CV-00934 |
| VERSUS | |
| JANET NAPOLITANO, et al., <br> Respondents | JUDGE JAMES T. TRIMBLE JR. <br> MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Menard Auboug ("Auboug") on June 20, 2011 and amended on August 1, 2011 (Doc. 4). Auboug is a native and citizen of the Republic of Haiti (Doc. 11, Ex.). Auboug contends he has been detained by ICE since December 6, 2010. The sole relief Auboug requests is release pending removal to Haiti pursuant to Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 2499 (2001). Auboug is presently detained in the LaSalle Detention Facility in Trout, Louisiana.

Auboug was admitted into the United States as a parolee requesting political asylum in 1992 (Doc. 11, Ex. 1, p. 92). In 1994, Auboug was convicted of distribution of crack cocaine and in 1996 he was convicted of second degree murder and sentenced to life imprisonment (Doc. 11, Ex. 1, pp. 3-8); Auboug's father's request for derivative asylum on his behalf was denied (Doc. 11, Ex. 1, p. 9). In 2002, Auboug was ordered removed and his appeal was dismissed (Doc. 11, Ex. 1, pp. 19-30, 70).

Auboug was paroled by the State of Massachusetts in March 2010 (Doc. 11, Ex. 1, p. 73), and Auboug was released from ICE custody pursuant to an order of supervision on July 27, 2010 because there was no significant likelihood of removal in the reasonably foreseeable future (Doc. 11, Ex. 1, pp. 76-89), and returned to ICE custody on December 6, 2010 in order to effectuate his removal to Haiti (Doc. 11, Ex. 1, p. 93). Auboug contends he has been detained by Immigration and Customs Enforcement ("ICE") since December 6, 2010, and that he does not know whether ICE has been able to obtain travel documents for him.

Respondents argue that Auboug will be removed to Haiti in the reasonably foreseeable future. Respondents submitted an affidavit by Mark Lenox, the Deputy Assistant Director for the Removal Management Division of the U.S. Immigration and Customs Enforcement in the U.S. Department of Homeland Security (Doc. 11, Ex. 2). . Lenox shows in his affidavit that the government has lifted the temporary suspension of removal of Haitians, which was imposed after the January 12, 2010 earthquake in Haiti (Doc. 11, Ex. 2). Lenox states in his affidavit that Auboug has exhausted his administrative remedies and there is no stay of deportation in effect for him (Doc. 11, Ex. 2).

Respondents further show in their response that Auboug's custody status was examined in March 2011, when it was decided he should remain in custody due because repatriation flights to Haiti

had resumed (Doc. 11, Ex. 1, pp. 118-128). Respondents also submitted the testimony of Robert Helwig, the Assistant Director for ERO-Removal operations, given in a June 13, 2011 hearing in the United States District Court for the Western District of Louisiana, Monroe Division, to show there are no current obstacles to the removal of detainees to Haiti, ICE and the DHS have developed and implemented a plan for their removal, the flights depart once a month, and the government of Haiti has not presented any obstacles to the repatriation of its citizens (Doc. 11, Ex. 3).

The purpose of post-removal detention is to have an alien available when it comes time to actually remove him to another country. Zadvydas, 533 U.S. at 690, 121 S.Ct. at, 2499. The presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release *if* he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." However, this 6-month presumption does not mean that every alien not removed must be released after six months. An alien may be held in confinement until it has been determined there is no significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505. Also, Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716 (2005).

The Respondent has shown that Auboug has remained in detention

3

with ICE since December 6, 2010, and that, since repatriation of Haitian citizens has resumed, Auboug will be removed to Haiti in the reasonably foreseeable future. Therefore, the Respondent has carried its burden of showing there is a significant likelihood that Auboug will be removed to Haiti in the reasonably foreseeable future. If Auboug is not removed soon or some new impediment to removal arises, he may file another habeas petition. At this time, Auboug's habeas petition should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Auboug's habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 22nd day of December, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE